Evans, J.
dissenting. I do not concur in the opinion of the Court, and propose to state my views very concisely. There are two questions: — First. Was the deed recorded in the proper office? Second. Does the infancy of the Lamars, who are not parties to the record, protect the rights of the plaintiffs from the operation of the statute of limitations?
I can find nothing in the printed Acts establishing any office for recording deeds out of the city of Charleston before the county court Act of 1785, and, therefore, I assume that the office of the Secretary of State was the proper office for registry before that time. But when the county court Act required all deeds to be recorded in the county where the land lay, this was a repeal of the old law, and the establishment of a new office of registry; and I am at a loss to conceive how the registry of a deed in the office in Charleston was any more a compliance with the law than the registry in any other office.
The object of registry is to give notice, and no man would think of going to the office in Charleston to lopk for a deed made after the Act, than he would think of going to Edgefield, or anywhere else. But it is said the county court for Winton was not organized until November, 1786, and this deed was *532 made in July. That is true, but there was an office for registry of deeds opened for Win ton before-the expiration of six months, within which the deed should be recorded, and, therefore, it cannot be alleged that he could not have recorded his deed as the law required. But even if no office had been opened within six months, that might furnish a sufficient reason for not recording within the time, but is certainly no authority to dispense with the law which required his deed to be recorded in the county where the land lay. The Act of 1791, (7 Stat. 269) for suspending the county courts for Winton and Orange, directs that the records of the said county shall be transferred over and kept by the register of mesne conveyances for Orangeburg, in his office, which clearly implies that there was an office for the registry of deeds established for that district; but I have'seen no Act of the Legislature establishing such an office, although the existence of such an office is clearly declared by this Act. The constitution of 1778 requires that registers of mesne conveyances should be appointed for the several districts then existing, and I think it very likely that such an officer had been appointed-, although there is nothing in the printed Acts on the subject.
2. That the infancy of one joint tenant will prevent the statute of limitations from barring the action, and that the same result will follow where the plaintiff derives his title from several, some of whom were infants, I suppose may be assumed to have been decided in many cases. But that the decision, except in cases of joint tenancy, has no English authority to support it, I think there is no doubt. In Roe vs. Rowlston, (2 Taunt. 441,) it is said, if two joint tenants be disseized, and one enter, it is the entry of both, but it is otherwise of parceners. The disability of one shall not preserve the rights of the others. I have not examined the American cases, but numerous authorities were quoted at the bar to show that in most, if not all of the States, except, perhaps, Kentucky, the same rule prevailed.
That such a construction is against the policy of the statute of limitations, is, I think, very clear. If, before the youngest of *533 the Lamars is barred, Mrs. Hill should die, leaving an infant child, another twenty-six years would be added to the time necessary to quiet the title of the present occupants of the land, and in this way a century may elapse and the statute operate as no bar, on account of these successive intervening disabilities. But it is said the law has been so settled, in the case of Gourdine vs. Theus, and Thomson vs. Gaillard. Although it may be right, on the principle of stare decisis, that these cases should not now be overruled, yet that is no reason we should go any further in a wrong direction than these cases require.
In Gourdine vs. Graham, (1 Brev. 329,) which stands next to the case of Gourdine vs. Theus, it was decided, “ if one of several joint owners of personal property be an infant, that shall protect the rights of the others.” But this doctrine was overruled in Henry vs. Means, (2 Hill, 334,) where it was held that, even where the action was joint, the adult plaintiffs were barred, and the infants alone protected. Judge Brevard’s reports have been published since that case was decided, and as Gourdine vs. Graham is not mentioned in it, it is very likely it was unknown to the Court.
There is no difference in principle between real and personal estate, and one rule should govern in both cases. To have a different rule, applicable to different kinds of property, where no reason for making it can be given, is calculated to deform instead of maintaining the symmetry and beauty of the law as a system of reason and logic. One or the other of the cases ought to be reversed. In Means ads. Henry, an attempt is made to sh ew that there was a reason for making the distinction, and the same reason is repeated which had been before given in Thomson vs. Gaillard, that each is entitled to the possession of the whole, and, as against a trespasser, if any one of the joint owners sue, as he may by our law, and recover, he shall have a writ of possession for the whole. As to the right of possession, that applies as much in one case as the other, and as to the writ of possession, if one who recovers a part can have forcible pos *534 session of the whole by law, I have found no authority to support it.
In Saul vs. Dawson, (3 Wils. 49,) the plaintiff, as tenant in common, recovered possession of five-eighths of a cottage. A writ of possession was executed by the sheriff, who turned the defendant out and locked up the door. Curia. This is wrong, the writ ought to have pursued the verdict. Let there be a rule to the sheriff and the lessor of the plaintiff to restore the tenant to the possession of three-eighth parts of the premises, otherwise, he must, of necessity, bring another ejectment for them.
Runnington says the writ of habere, facias possessionem is a writ of execution. I am sure I need not quote authority, that the writ of execution must follow the judgment, and that must follow the verdict. How, then, can the execution authorize the sheriff to do more than put the plaintiff in possession of what he has recovered 1 If it can, what is meant in the case of Saul vs. Dawson, when the Court say — the writ of possession should pursue the verdict, and that the defendant should be restored to the possession of the three-eighth parts which the plaintiff had not recovered 1 If one joint tenant or tenant in common ousts another, and in an action he recover a part, will the writ go to give him possession of the whole ? I suppose no one will affirm this, yet, in our practice, it will not appear from the record that he was a joint tenant, or that he had been ousted by the defendant. The verdict establishes his right to a part, and for that part, and no more, he shall have his writ of execution. If the plaintiff recovers the whole, he shall have possession of the whole, and the sheriff shall turn every one out; but if he recover part, then he shall have joint possession of that part with the defendant, as declared in Saul vs. Dawson. It is said that the defendant’s possession shall stand in place of title until the plaintiff proves a good title in himself. To the extent that such proof is made, the presumption is rebutted, but no further. It may be supposed that what is here urged may conflict with the doctrine that one joint owner cannot sue another, except in cases of ouster; but that doctrine has nothing to do with the *535 question. It matters not what title the defendant has. He has a right to stand on the presumption arising from his possession, as to the residue of the interest which is not in the plaintiff on the record. It is somewhere said that the recovery by the adult, will enure to the benefit of the infants who are not parties. I do not see how that can be. They are not parties on the record, and I do not see that they can claim any benefit from the record. It will not appear how the plaintiffs claim, or on what title they recovered, unless we admit parol evidence of what was proved on the trial, which will hardly be admitted. If the verdict had been for the defendant, that will be no bar to the infants if they should hereafter sue for their share, as they may do under the authority of the case of McFadden vs. Haley, (2 Bay, 457.)
There are many other views which might be presented, but as I intended to state my opinion, rather than to argue the questions in detail, I forbear to notice them.
I admit that where the infant’s title is put in issue by the record, there we are bound to decide, on the authority of Gourdine vs. Theus, and the other cases, that it will prevent the bar of the statute as to the other tenants in common or coparceners. But I think I have said enough to shew that those cases (to say the least) have been decided without authority, and that very doubtful reasons have been given to support them. But as the reversal of a decision made many years ago may serve to unsettle titles, they ought not, perhaps, to be reversed. But as the same principle has been reversed in relation to personal estate, I do not know why it may not be done in relation to real estate, especially as it would produce uniformity on a subject about which there should not be a different rule.
This case, I think, is entirely clear of any difficulty arising from those decisions. Here the infants are not parties. The plaintiffs do not represent their title. In fact, they set up a hostile claim and demand the whole land. To the defendants’s plea of the statute of limitations, is it any answer to say, that although the statutory period has run out as to them, yet they *536 are not barred because a third person, who is a stranger to the record, is an infant 1 The true question is, whether the plaintiffs are barred, and if they are, the verdict should be for the defendants. The title of the infant, which alone, I think, the statute was intended to protect, is in no way affected by such decision. He may at any time recover, if he chooses to bring his action. The privilege of infancy is personal, and no one else should be allowed to take shelter under it, to protect himself against his own laches. I am, therefore, of opinion, on both the grounds stated, that the defendants’s motion for a nonsuit should be granted.

Motion refused.